UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:24-cv-1691

2145 AVOCADO LAND TRUST and
HOME WRECKERS, INC.

    Plaintiff,

v.

FLORIDA EAST COST RAILWAY,
LLC

    Defendant.
_____/

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, the 2145 AVOCADO LAND TRUST and HOME WRECKERS, INC. (collectively, "Plaintiffs"), by and through the undersigned counsel, sue Defendant, FLORIDA EAST COAST RAILWAY, LLC ("Defendant"), and in support thereof states as follows:

PARTIES

1. Plaintiff, 2145 AVOCADO LAND TRUST (individually, "ALT"), is a land trust that owns real property located in Brevard County, Florida.

2. Plaintiff, HOME WRECKERS, INC. (individually, "Home Wreckers"), is a Florida corporation doing business in Brevard County, Florida at the property owned by ALT.

3. Defendant, FLORIDA EAST COAST RAILWAY, LLC, is a Florida limited liability corporation with the power to sue and be sued in its own name and with the power of eminent domain. *See* § 361.025, Fla. Stat. (2023).

## JURISDICTION AND VENUE

4. This is an action brought under 42 U.S.C. § 1983 ("§ 1983") for damages arising out of a taking without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

6. Pursuant to 28 U.S.C. § 1391(b), venue lies within the United States District Court for the Middle District of Florida, Orlando Division as a substantial part of the events or omissions giving rise to the claims herein occurred within its judicial district, and such district is where the principal place of business for the Defendant business is located.

## GENERAL ALLEGATIONS

7. Plaintiff ALT is the owner of that certain property ("Property") located in Brevard County, Florida, more particularly described as Lots 2, 3, 4, 5, and 6, West of FEC Railway, Block 33, Village Plat of Eau Gallie, according to the plat thereof, recorded in Plat Book 1, Page 47 of the Public Records of

Brevard County, Florida AND Lots 10 and 11, Block 5, Plat of the Subdivision of Out Lots No. 21, 22, and 23 of the Town of Eau Gallie, according to the Plat thereof, recorded in Deed Book FF, Page 600 of the Public Records of Brevard County, Florida TOGETHER WITH vacated directly adjacent to Lots 10 and 11, Block 5, Plat of the Subdivision of Out Lots No. 21, 22, and 23 of the Town of Eau Gallie, according to the plat thereof, recorded in Deed Book FF, Page 600, as vacated in Ordinance No. 2019-14 recorded in Official Records Book 8379, Page 1033, of the Public Records of Brevard County, Florida and also known as 2145 Avocado Avenue, Melbourne, Florida.

8. ALT leases the Property to Home Wreckers, who operates a construction business out of the Property.

9. Directly adjacent to the eastern boundary of the Property is a railway owned and operated by Defendant.

10. In preparation for Brightline trains to begin service from Orlando to Miami, the railway tracks and area adjacent to the Property had to be upgraded and renovated.

11. Defendant performed or supervised the upgrade and renovation of the tracks and adjacent areas.

12. As a part of the renovation, the drainage pattern of the tracks and right of way upon which the tracks sit was changed.

13. As a result of the above-described renovation, Defendant now directs water away from the railway and right of way, and onto the Property.

14. This new drainage pattern has caused flooding of the Property.

15. Plaintiffs have retained the law firm of Widerman Malek, P.L. to represent their interests in the above-styled case, and have obligated themselves to pay said firm reasonable attorneys' fees.

## GENERAL STATEMENT OF § 1983 CLAIMS

16. This is an action under 42 U.S.C. § 1983 arising out of the Defendant's taking on Plaintiffs' Property without just compensation in violation of the Fifth Amendment to the U.S. Constitution.

17. Section 1983 acknowledges the right of private parties to bring civil actions against state actors for violations of rights, privileges, or immunities recognized by the Constitution.

18. Defendant, as a private entity granted the power of eminent domain pursuant to § 361.025 of the Florida Statutes, is subject to civil liability in § 1983 because it performs "a public function that was traditionally the exclusive prerogative of the state", or in order words, it passes the "public function" test. *See Charles v. Johnson,* 18 F. 4th 686, 694 (11th Cir. 2021) (citing

*Rayburn ex rel. Rayburn v. Hogue,* 241 F. 3d 1341, 1347 (11th Cir. 2001)). Eminent domain is one of the few functions granted to private actors that is considered to rise to the level of constituting state action. *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352-353 (1974) ("If we were dealing with the exercise of Metropolitan of some power delegated to it by the State which is traditionally associated with sovereignty, such as eminent domain, our case would be quite a different one.")

<u>COUNT I – FIFTH AMENDMENT TAKINGS</u>

Plaintiffs incorporate and reallege the allegations of paragraphs 1 – 18, and sues Defendant for a violation of the Takings Clause of the Fifth Amendment, and in support thereof states as follows:

19. Defendant, in discharging water onto the Property, has committed a taking of the Property.
20. Defendant, having been granted the power of eminent domain by Florida Statutes, is considered a "state actor" for purposes of the Fifth Amendment and § 1983 when exercising such power.
21. Defendant has not compensated Plaintiffs for the taking of the Property.

**WHEREFORE,** Plaintiffs, 2145 AVOCADO LAND TRUST and HOME WRECKERS, INC., respectfully request that this court award damages against

Defendant, FLORIDA EAST COAST RAILWAY, LLC, in the form of just compensation for the land taken by Defendant, attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b), and all other relief that this Court deems proper and just.

## COUNT II – TRESPASS (FLORIDA COMMON LAW)
## (ALTERNATIVE ACTION)

In the event this court finds that no violation of the Fifth Amendment Takings Clause has occurred, Plaintiffs bring this Trespass claim in the alternative, incorporate and reallege the allegations of paragraphs 1-18, and sues Defendant for Trespass, and in support thereof states as follows:

22. Plaintiff ALT owns the Property, and Plaintiff Home Wreckers leases the Property.
23. Defendant continuously cause a substance to enter onto the Property.
24. Plaintiffs have not authorized this or any entry onto the Property by Defendant.
25. Defendant's continued entries are the cause of injuries to the Property.

**WHEREFORE** Plaintiffs, 2145 AVOCADO LAND TRUST and HOME WRECKERS, INC., respectfully request that this court award damages and injunctive relief against Defendant, FLORIDA EAST COAST RAILWAY, LLC., enjoining Defendant from entering the property or depositing water, other fluids,

and other unknown substances onto the Property, and all other relief that this Court deems proper and just.

Respectfully submitted on September 17, 2024.

> **WIDERMAN MALEK, PL**
> 1990 W New Haven Ave.
> Second Floor
> Melbourne, FL 32904
> Tel. (321) 255-2332
> Fax (321) 255-2351
> Primary Email:
> NMeloon@USLegalTeam.com
> Secondary Emails:
> Eric@USLegalTeam.com
> MStork@USLegalTeam.com
> ATellone@USLegalTeam.com
> CWhite@USLegalTeam.com
>
> _/s/ Walter N Meloon_
> W. Nathan Meloon, Esq.
> Florida Bar No. 1004623
> Maxwell D. Stork, Esq.
> Florida Bar No. 1049534
> Eric L. Hostetler, Esq.
> Florida Bar No. 554839
> **Counsel for Plaintiffs**