# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**2145 AVOCADO LAND TRUST
and HOME WRECKERS, INC.,**

      **Plaintiff,**

**v.**                                       **Case No: 6:24-cv-01691-PGB-RMN**

**FLORIDA EAST COAST
RAILWAY, LLC,**

      **Defendant.**

_____/

## <u>ORDER</u>

This cause comes before the Court on Plaintiffs 2145 Avocado Land Trust and Home Wreckers, Inc. (collectively, the "**Plaintiffs**") Motion to Strike Defendant Florida East Coast Railway, LLC's ("**Defendant**") Affirmative Defenses and Motion for Extension of Time.[1] (Doc. 37 (the "**Motion to Strike**")). Defendant responded in opposition. (Doc. 39 (the "**Response**")). Upon consideration, the Motion to Strike is due to be found as moot in part, granted in part, and denied in part.

---

[1]   In the Motion to Strike, Plaintiffs include an embedded request for an extension of time to respond to Defendant's affirmative defenses. (Doc. 37, p. 10). Plaintiffs' request is baseless, and thus, is denied. Plaintiffs may not file a reply to an answer and/or affirmative defenses unless the Court orders one. FED. R. CIV. P. 7(a)(7). The Court declines to do so here. Further, it is the Court's preference that different requests for relief be separated into distinct motions.

## I.    BACKGROUND[2]

Plaintiffs initiated this takings action against Defendant on September 17, 2024. (Doc. 1). According to the Complaint, Plaintiff 2145 Avocado Land Trust owns certain property located in Brevard County, Florida (the "**Property**") that is leased by Plaintiff Home Wreckers, Inc. (*Id.* ¶ 7). Defendant owns and operates an adjacent railway directly to the eastern boundary of the Property. (*Id.* ¶ 9).

Ultimately, Defendant began renovating the railway tracks and area adjacent to the Property to prepare for high-speed rail service from Orlando to Miami. (*Id.* ¶¶ 10–11). This renovation altered the drainage pattern of rainwater and runoff water near the railway tracks and the right-of-way upon which the railway tracks sit. (*Id.* ¶ 12). As a result, Defendant now directs water away from the railway and onto the Property, causing the Property to flood. (*Id.* ¶¶ 13–14).

Accordingly, in their Complaint, Plaintiffs allege a Fifth Amendment takings claim against Defendant, and in the alternative, a trespass claim under Florida Common Law. (*Id.* ¶¶ 19–25). In lieu of answering the Complaint, Defendant moved to dismiss the Complaint. (Doc. 13 (the "**Motion to Dismiss**")). In due course, the Court denied the Motion to Dismiss. (Doc. 35). Consequently, on September 2, 2025, Defendant filed its Answer and Affirmative Defenses. (Doc. 36 (the "**Answer**")). Plaintiffs now move to strike several of Defendant's affirmative

---

[2]    This account of the facts comes from Plaintiffs' Complaint. (Doc. 1 (the "**Complaint**")). The Court accepts the well-pled factual allegations therein as true when considering motions regarding the sufficiency of the pleadings. *See Williams v. Bd. of Regents*, 477 F.3d 1282, 1291 (11th Cir. 2007).

defenses from the Answer.[3] (Doc. 37). Defendant responded in opposition, and the matter is now ripe for review. (Doc. 39).

## II.   STANDARDS OF REVIEW

### A.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have broad discretion in ruling on motions to strike. *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Hutchings v. Fed. Ins. Co.*, No. 6:08-cv-305, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (internal quotations omitted).

Although the Court has broad discretion in ruling on a motion to strike, the Court may only strike an affirmative defense when it is "insufficient as a matter of law." *Microsoft Corp. v. Jesse's Computs. & Repair, Inc.*, 211 F.R.D. 681, 683–84 (M.D. Fla. 2002) (quoting *Anchor Hocking*, 419 F. Supp. at 1000); *see also Fabrica Italiana Lavorazione Materie Organiche, S.A.S. v. Kaiser Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982) (affirming the striking of a defendant's affirmative defense as it was "legally insufficient"). An affirmative defense will be

---

[3]   Specifically, Plaintiffs seek to strike Defendant's first, second, third, seventh, and eighth affirmative defenses. (Doc. 37, p. 9).

held insufficient as a matter of law if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Id.* at 1000.

Generally, though, motions to strike affirmative defenses are disfavored "because striking a portion of a pleading is a drastic remedy[.]" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). "[A] court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995); *see also Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) (noting that motions to strike will usually be denied unless the affirmative defense is unrelated to the case or may cause prejudice to a party); *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347 ("[a] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." (citation omitted)). Nevertheless, in most situations when striking an affirmative defense, courts provide leave for defendants to replead unless to do so would be futile or unnecessary. *See, e.g.*, *Romero v. S. Waste Sys. LLC*, 619 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009).

### B.    Pleading Standard for Affirmative Defenses

Courts remain divided with regard to the appropriate pleading standard required for affirmative defenses, and the Eleventh Circuit has yet to resolve the split of opinion. *See Daley v. Scott*, No. 2:15-cv-269, 2016 WL 3517697, at *1–2

(M.D. Fla. June 28, 2016); *Dionisio v. Ultimate Images & Designs*, 391 F. Supp. 3d 1187, 1192–93 (S.D. Fla. 2019). Some courts hold that affirmative defenses are subject to the heightened pleading standard of Rule 8(a)—which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"—and the requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). FED. R. CIV. P. 8(a)(2); *see, e.g.*, *Torres v. TPUSA, Inc.*, No. 2:08-cv-618, 2009 WL 764466, at *1 (M.D. Fla. Mar. 19, 2009); *S.E.C. v. BIH Corp.*, No. 2:10-cv-577, 2013 WL 1212769, at *1 (M.D. Fla. Mar. 25, 2013). Other courts find that the less stringent standard of Rule 8(b) and (c) applies to affirmative defenses. *See, e.g.*, *Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *Jirau v. Camden Dev., Inc.*, No. 8:11-cv-73, 2011 WL 2981818, at *2 (M.D. Fla. July 22, 2011).

Given the lack of consensus in the Eleventh Circuit, the plain language of Rule 8, the practical difficulty of collecting the information necessary to include supporting factual allegations in the 21-day response period, and "the longstanding adversity to striking an affirmative defense unless it does not have any possible connection to the controversy and might prejudice a party if it remains," this Court follows the latter approach. *Moore*, 2014 WL 2527162, at *2; *see, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *2 (M.D. Fla. Nov. 8, 2013) (collecting cases). In other words, to sufficiently plead an affirmative defense, a defendant need only "provide 'fair notice' of the defense and

5

'the grounds upon which it rests,'" not detailed factual allegations. *Gonzalez*, 2013 WL 5970721, at *2 (quoting *Drzik v. Haskell Co.*, 3:11-cv-379-J32MCR, 2011 WL 2981565 * 1 (M.D. Fla. July 22, 2011)).

## III.   DISCUSSION

Plaintiffs request that the Court strike Defendant's first, second, third, seventh, and eighth affirmative defenses. *(See generally* Doc. 37). The Court finds that only the third and seventh affirmative defenses should be stricken. Nevertheless, the Court will address each affirmative defense in turn.

### A.   First Affirmative Defense: Failure to State a Claim

In the first affirmative defense, Defendant asserts that "[t]he Complaint, in whole or in part, fails to state a claim upon which relief can be granted under the Fifth Amendment, 42 U.S.C. § 1983, or Florida common law." (Doc. 36, p. 7). Plaintiffs argue that this defense is a "bare bones allegation which does not provide fair notice to the nature of the defense nor to the ground upon which it stands." (Doc. 37, p. 3). In its Response, Defendant withdraws this affirmative defense. (Doc. 39, p. 3). Accordingly, the Motion to Strike is found as moot as to the first affirmative defense.

### B.   Second Affirmative Defense: Preemption

In the second affirmative defense, Defendant asserts that Plaintiffs' claims are preempted by the Interstate Commerce Commission Termination Act

("**ICCTA**").[4] (Doc. 36, p. 7). In their Motion to Strike, Plaintiffs claim that the second affirmative defense is "clearly invalid as a matter of law." (Doc. 37, p. 5). For its part, Defendant contends that "[w]hile preemption may have been premature on a motion to dismiss, it is not insufficient as a matter of law and Plaintiffs are clearly on notice of the nature of the defense." (Doc. 38, p. 3). The Court agrees with Defendant.

Although the Court addressed Defendant's preemption argument when it denied the Motion to Dismiss, the Court noted that it lacked "sufficient information to determine implied preemption under the ICCTA," allowing Defendant to renew this argument at a later stage of the case.[5] (Doc. 35, p. 12). In its Answer, Defendant appropriately renewed its preemption argument as an affirmative defense. (Doc. 36, p. 7). Therein, Defendant provides several cases to support its argument. (*Id.*). As such, Plaintiffs were provided "'fair notice' of the defense and 'the grounds upon which it rests,'" which is all that is required to adequately plead an affirmative defense. *Gonzalez*, 2013 WL 5970721, at *2 (quoting *Drzik*, 2011 WL 2981565, * 1). Furthermore, in their Motion to Strike,

---

[4]   Specifically, in its Answer, Defendant highlights the provision of the ICCTA that states: "[e]xcept as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." (Doc. 36, p. 7 (citing 49 U.S.C. § 10501(b))).

[5]   Specifically, the Court noted that "determining whether the ICCTA impliedly preempts Plaintiffs' trespass claim is a fact-based assessment that is inappropriate" at the motion to dismiss stage. (Doc. 35, p. 11). Accordingly, when ruling on the Motion to Dismiss, the Court did not have the necessary facts to determine "whether and to what extent the [trespass] claim burdens or interferes with rail transportation" such that implied preemption applies. (*Id.*).

Plaintiffs have not asserted that they suffered any prejudice from the second affirmative defense. *Seibel*, 969 F. Supp. at 715.

Because striking an affirmative defense is generally disfavored and Defendant satisfied its burden by providing "fair notice" of the second affirmative defense, Plaintiffs' Motion to Strike is denied as to the second affirmative defense. *Waste Mgmt. Holdings, Inc.*, 252 F.3d at 347.

### C. Third Affirmative Defense: Failure to Exhaust Administrative Remedies

In the third affirmative defense, Defendant asserts that "Plaintiffs' claims are barred because Plaintiffs have not exhausted their administrative remedies by bringing their claims to the Surface Transportation Board [("**STB**")]."[6] (Doc. 36, p. 7). Plaintiffs contend that the third affirmative defense is due to be stricken because the Court already found there is no legal basis to support this defense and therefore it is patently frivolous and invalid as a matter of law. (Doc. 37, p. 5). In its Response, Defendant claims that Defendant is not required to "present its entire legal argument in an affirmative defense" and should be given an opportunity to develop this defense factually with discovery. (Doc. 39, p. 4).

Despite Defendant's argument, the Court's Order on the Motion to Dismiss clearly explains that the ICCTA does not impose any such "exhaustion of

---

[6] Furthermore, in the Answer, Defendant "incorporate[s] by reference" its arguments from the Motion to Dismiss. (Doc. 36, pp. 7–8). The Court notes that such incorporation by reference is improper and in violation of the Local Rules. *See* Local Rule 3.01(h) ("A motion, other legal memorandum, or brief may not incorporate by reference all or part of any other motion, legal memorandum, or brief.").

administrative remedies" requirement on Plaintiffs' claims. (*See* Doc. 35, p. 8). Therein, the Court explicitly stated that "a plain reading of [49 U.S.C.] § 10501(b) does not support Defendant's argument that § 10501(b) '*mandate[s]* that Plaintiffs exhaust their administrative remedies before the [STB] prior to bringing a claim under § 1983.'" (*Id.* (citing Doc. 13, p. 7 (emphasis accepted))). In its Response, Defendant cites a case wherein the District of Massachusetts stayed a similar action and permitted the plaintiffs to bring the issue before the STB. (Doc. 39, p. 4 (citing *Grafton & Upton R.R. Co. v. Town of Hopedale*, No. 4:22-CV-40080-ADB, 2023 WL 2761205, at *14 (D. Mass. Mar. 31, 2023))). However, the *Grafton* court did not conclude that the ICCTA required the plaintiffs to exhaust all administrative remedies before seeking relief in federal court. *Grafton*, 2023 WL 2761205, at *6. Indeed, the *Grafton* Court stated that "the language of the ICCTA does not indicate Congressional intent to foreclose relief available under *Ex parte Young*." *Id.* at *5. Moreover, the First Circuit found that § 10501(b) is "intended only to preempt state law and remedies, not to give the STB exclusive jurisdiction over ICCTA claims." *Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co.*, 215 F.3d 195, 204 (1st Cir. 2000).

Defendant does not provide any further case law, beyond those mentioned in the Answer, to establish that the ICCTA requires plaintiffs to seek relief from the STB before going to federal court. As such, the Court does not now find Defendant's

argument convincing. Thus, Plaintiffs' Motion to Strike is granted as to the third affirmative defense.

### D.  Seventh Affirmative Defense: Standing

In its seventh affirmative defense, Defendant asserts that Plaintiffs lack standing to sue because Plaintiff Home Wreckers, Inc. "lacks any ownership interest in the [] [P]roperty" and Plaintiff 2145 Avocado Land Trust cannot seek damages "allegedly suffered exclusively by its tenant." (Doc. 36, p. 9). Plaintiffs argue that this defense should be stricken because it is "without legal support and is therefore patently frivolous and fails as a matter of law." (Doc. 37, p. 7). In its Response, Defendant claims that the affirmative defense "sufficiently puts Plaintiffs on notice of the basis for the defense and is legally sufficient." (Doc. 39, p. 4). Further, Defendant contends that the issue of standing is "more appropriately addressed on a motion for summary judgment or at trial rather than on a motion to strike. (*Id.* at p. 6). While the Court agrees with Defendant that the issue of standing is improper for a motion to strike, the Court notes that standing, on its own, is inappropriate as an affirmative defense.

As articulated in *Sos v. State Farm Mut. Auto. Ins. Co.*,

> [s]ome courts that have analyzed whether standing qualifies as an affirmative defense have concluded that it does not, for several reasons, including that standing does not appear on the list of affirmative defenses enumerated in Rule 8(c), and that "plaintiff bears the burden of pleading and proving standing, whereas the defendant must shoulder the burden of pleading and proof on affirmative defenses."

No. 6:17-CV-890-ORL-40KRS, 2017 WL 8813072, at *2 (M.D. Fla. Dec. 8, 2017) (quoting *Ramnarine v. CP RE Holdco 2009–1, LLC*, No. 12–61716–CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013)). Some courts in the Eleventh Circuit have construed standing as a denial rather than an affirmative defense,[7] whereas others have stricken the affirmative defense altogether. *Compare id.* ("The Court also construes this purported affirmative defense as a denial and therefore DENIES the motion to strike the Second Affirmative Defense."), *and Fed. Deposit Ins. Corp. for Superior Bank v. Hall,* No. 8:14-CV-834-T-24 TGW, 2016 WL 7325590, at *6 (M.D. Fla. Aug. 29, 2016) ("These purported affirmative defenses do amount to denials of liability, rather than affirmative defenses. Therefore, the Court will construe these purported affirmative defenses as denials[.]"), *with Daniel v. Fed. Ins. Co.,* No. 6:21-CV-1632-WWB-EJK, 2022 WL 19336299, at *2–*3 (M.D. Fla. Jan. 13, 2022) ("lack of standing is not an affirmative defense, but rather a matter implicating the court's subject matter jurisdiction.").

Accordingly, in fairness to Defendant and because striking affirmative defenses is disfavored, the Court will construe the seventh affirmative defense as a denial, and thus, the Motion to Strike is denied as to the seventh affirmative defense. *Sos,* 2017 WL 8813072, at *2.

---

[7] "An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (citation omitted). In contrast, "[a] defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Id.* Accordingly, when a defendant "alleges only a defect in [p]lantiff's prima facie case" it should be considered a denial. *Hansen v. ABC Liquors, Inc.*, No. 3:09-CV-966-J-34MCR, 2009 WL 3790447, at *2 (M.D. Fla. Nov. 9, 2009) (*citing In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)).

### E.        Eighth Affirmative Defense: Res Judicata

In its eighth affirmative defense, Defendant asserts that "Plaintiffs' claims are barred by the doctrine of res judicata" because they are the same or based on the same elements as Plaintiffs' claims in a Florida state court case: *2145 Avocado Land Trust and Home Wreckers, Inc. v. Florida East Coast Railway, LLC*, Case No. 05-2023-CA-054704 (Fla. 18th Cir. Ct. 2023) (the "**State Case**"). (Doc. 36, p. 9). Plaintiffs contend that this defense should be stricken because it is "patently frivolous and clearly invalid as a matter of law." (Doc. 37, p. 7). In support of this argument, Plaintiffs attach the complaint from the State Case (Doc. 37-1 (the "**State Complaint**")) to demonstrate that the instant action involves different causes of action. (Doc. 37, p. 8). For its part, Defendant asserts that the Court should not consider the State Complaint because Plaintiff goes "outside the pleadings" which is improper on a motion to strike. (Doc. 39, p. 6). Further, Defendant argues that the merits of the eighth affirmative defense are "not properly the subject of a motion to strike." (*Id.*). The Court agrees with Defendant.

As an initial point, much like a 12(b)(6) motion, when evaluating a motion to strike, "the court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." *LeMaster v. USAA Life Ins. Co.*, No. 95-1124-CIV-T-17(E), 1995 WL 708656, at *1 (M.D. Fla. Nov. 27, 1995); *LaPosa v. Wal-Mart Stores E., L.P.*, No. 2:19-CV-361-FTM-99UAM, 2019 WL 2537790, at *2 (M.D. Fla. June 20, 2019) ("In evaluating a motion to strike, the Court generally applies the same test used to determine a 12(b)(6) motion, including the general

12

rule that matters outside the pleadings are not to be considered."). Accordingly, because the State Complaint was not attached to either the Complaint or the Answer, the Court will not consider the attachment while evaluating the Motion to Strike.

Nevertheless, Defendant fails to assert any facts in its Answer to support the eighth affirmative defense. Indeed, Defendant fails to identify which claims and/or which elements of claims in the instant action are the same or similar to claims or elements in the State Case. (Doc. 36, p. 9). Instead, Defendant merely asserts in a conclusory matter that "Plaintiffs' claims are barred by the doctrine of res judicata[.]" (*Id.*). As such, Defendant's eighth affirmative defense "comprises no more than 'bare bones conclusory allegations[.]'" *Microsoft Corp.*, 211 F.R.D. at 684 n. 12 (quoting *Tome Engenharia E Transporrtes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, *9 (N.D. Ill. 1996)). Accordingly, the Motion to Strike is granted as to the eighth affirmative defense, and the defense is stricken with leave to replead. *See Daniel*, 2022 WL 19336299, at *3 (striking res judicata as an affirmative defense with leave to amend because defendant failed to provide any facts to support the defense).

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.   Plaintiffs' Motion to Strike Defendant's Affirmative Defenses and Motion for Extension of Time (Doc. 37) is **FOUND AS MOOT IN PART**, **GRANTED IN PART,** and **DENIED IN PART.**

2. Plaintiffs' Motion to Strike (Doc. 37) is **FOUND AS MOOT** as to the first affirmative defense.

3.  Plaintiffs' Motion to Strike (Doc. 37) is **GRANTED IN PART** as follows:

    a. The third affirmative defense is hereby **STRICKEN**.

    b. The eighth affirmative defense is hereby **STRICKEN** with leave to amend. On or before **May 11, 2026,** Defendant may file an amended answer that corrects the pleading deficiencies of the eighth affirmative defense as outlined in this Order.

4. Plaintiff's Motion to Strike (Doc. 37) is **DENIED** in all other respects.

**DONE AND ORDERED** in Orlando, Florida on April 27, 2026.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties